IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMPLOYERS AND OPERATING
ENGINEERS LOCAL 520,

    Plaintiff,

                              Civil No. 16-213-DRH-SCW

SHERRELL CONSTRUCTION, INC.,

    Defendant,

**HERNDON, District Judge:**

    This cause is before the Court on the pending Motion for Default Judgment (Doc. 7). For the reasons stated herein, the motion is **DENIED**. Additionally, Sherrell's untimely answer is **STRICKEN.** Sherrell has until **April 14, 2016,** in which to file a Motion to Set Aside the Entry of Default.

    Defendant Sherrell Construction, Inc.'s ("Sherrell") answer was due on March 23, 2016 (Doc. 4). Sherrell failed to timely answer or otherwise respond. On March 24, 2016, plaintiffs filed a motion for entry of default (Doc. 6). That same day, plaintiffs filed a motion for default judgment (Doc. 7), a memorandum in support of the motion for default judgment (Doc. 8), and a notice of compliance with Local Rule 55.1(b) stating that the plaintiffs had mailed copies of the motion for default judgment and memorandum in support to Sherrell's last known addressed (Doc. 9). On March 25, 2016, the Clerk entered default as to Sherrell (Doc. 10). On that same day, without seeking leave of Court, Sherrell filed an answer to the complaint (Doc. 10).

Local Rule 55.1(a) states that the serving party shall give notice of the *entry of the default* to the defaulting party by regular mail sent to the last known address of the defaulted party and shall certify to the Court that notice has been sent.

Plaintiffs have not certified to the Court that notice of the entry of the default was sent to Sherrell. In fact, plaintiffs' motion for default judgment was filed before the Court filed its entry of default. Moreover, plaintiffs must certify that notification was sent to the attorney of the defaulting party, if known, or certify that plaintiffs are unaware if the party has legal representation of any kind. As such, plaintiffs' motion for default judgment is **DENIED** without prejudice for failure to comply with Local Rule 55.1.

As noted above, Sherrell filed an answer on March 25, 2016 without seeking leave of court and without addressing the default order. While the Court appreciates Sherrell's attempt to quickly correct its failure to answer or otherwise plead, the entry of default must first be addressed. As such, the answer is **STRICKEN.**

Rule 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

2

Accordingly, Sherrell must motion the Court to set aside the entry of default and must demonstrate good cause pursuant to Rule 55(c). Sherrell has until **April 14, 2016,** in which to file a Motion to Set Aside the Entry of Default and seek leave to answer or otherwise plead.

**IT IS SO ORDERED.**

Signed this 31st day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.31 12:56:35 -05'00'

**United States District Court**